# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Jose Otero, ) | |
| ) | Civil Action No. 2:08-2328-MBS-BM |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Hooters of America, Inc., Hooters, Inc., ) | |
| Hooters of Myrtle Beach, Inc., Hooters of ) | **REPORT AND RECOMMENDATION** |
| North Charleston, LLC, Hooters Northwoods, ) | |
| LLC, a/k/a 2171 Northwoods Blvd., LLC, ) | |
| Hooters of Charleston, Inc., Hooters of ) | |
| Augusta, Inc., Hooters of Augusta - II, LLC, ) | |
| Paul Howard and Todd Bundas, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff pursuant to, inter alia, 42 U.S.C. §2000(e) et seq. On September 11, 2008, an Order was entered granting a motion to compel arbitration that had been filed by the Defendants, with no objection from the Plaintiff. The parties were instructed to advise the Court as to the results of arbitration once arbitration had been completed. In a separate Order entered October 8, 2008, this action was stayed for a period of six (6) months, with counsel being directed to notify the Court in the event arbitration was completed prior to the expiration of this six month period. If, at the conclusion of that six month period, this case was still not ready to proceed, counsel was to so notify the Court and file whatever motions they deemed necessary.

On May 6, 2009, the Defendants filed a status report with the Court stating that Plaintiff's counsel had not responded to their last attempt to coordinate the arbitration of Plaintiff's claims, that in fact Plaintiff had made no effort to prosecute his claims through arbitration in the last



1

six months, and that they would be filing a motion to dismiss with prejudice for want of prosecution. Defendants filed their motion to dismiss that same day, stating that following entry of the Court's Order of October 8, 2008, Defendants' counsel wrote Plaintiff's counsel seeking suggestions for an arbitrator (a copy of which is attached to Defendants' motion as Exhibit 2), but that as of the filing of Defendants' motion to dismiss, defense counsel had not received a response to this letter, nor had Plaintiff filed a demand for arbitration with the American Arbitration Association or otherwise communicated with defense counsel or pursued his claims in an arbitral form in an way. Defendants seek dismissal of this case with prejudice for want of prosecution, as well as an award of attorneys fees and costs.

Plaintiff disputes defense counsel's version of the events since entry of the Court's October 2008 Order, although Plaintiff's counsel concedes that "communication between counsel broke down." Plaintiff's counsel further argues, without conceding any wrongdoing on his part, that there can "certainly be no suggestion that the Plaintiff, Jose Otero, was personally responsible for the incident delay", and that the drastic remedy of dismissal as a sanction is therefore not warranted.

**Discussion**

Rule 41(b), Fed.R.Civ.P., authorizes the Court to dismiss an action for failure to prosecute or for failure to comply with court orders. "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . " See <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, <u>reh'g. denied</u>, 371 U.S. 873 (1962); <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991); <u>Martinez v. Johnson</u>, 104 F.3d 769, 772 (5th Cir. 1997). Whether to dismiss under Rule 41(b) is a matter for the Court's discretion. See <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978).



2

2:08-cv-02328-RMG    Date Filed 06/18/09    Entry Number 26    Page 3 of 5

---

The Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919, 920 (4th Cir. 1982); <u>Tinsley v. Quick & Reilly, Inc.</u>, 216 F.R.D. 337, 338 (E.D.Va. 2001); <u>Contreras v. NFN Pettiford</u>, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006). After review of the Defendants' motion and the file in this case together with the applicable case law, the undersigned does not find that the standard for a Rule 41(b) dismissal has been met in this case.

First, as is correctly noted by Plaintiff's counsel, there is no evidence that Plaintiff himself bears any personal responsibility for the failure to obtain an arbitrator. Therefore, while it is arguable that perhaps Plaintiff's *counsel* should suffer some sanction for proceeding in a dilatory fashion, there has been no showing that Plaintiff himself should be caused to suffer the severe sanction of dismissal of his case at this point. It is also unclear what prejudice has been caused the Defendants, other than the incurring of fees and expenses for filing the motion to dismiss. Finally, while the Court agrees with defense counsel that there does appear to have been a history of Plaintiff's counsel proceeding in a dilatory fashion in this case, there would certainly appear to be sanctions less drastic than dismissal available.

Based on the foregoing, it is recommended that Defendants' motion to dismiss and for sanctions be **denied**. Instead, Plaintiff's counsel should be given one last chance to move forward with the arbitration he has agreed to in this case. Specifically, the parties should be required to agree on an arbitrator within forty five (45) days of the date of any order adopting this report and



recommendation, with any arbitration to thereafter occur (absent extenuating scheduling difficulties) within forty five (45) days after the selection of the arbitrator. If an arbitrator cannot be agreed upon within the scheduled time period, the issue should be promptly brought before the Court for a resolution.

Finally, based on the history of this file to date, **if Plaintiff fails, without good cause, to agree to an arbitrator and/or proceed with the arbitration of his claims within the time period set forth herein, this action should be dismissed, with prejudice**. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning]; Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 18, 2009

Charleston, South Carolina



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



5