IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jose M. Otero, | ) |
| | ) C.A. No. 2:08-cv-2328-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| Hooters of America, Inc.; Hooters, Inc.; Hooters of Myrtle Beach, Inc.; Hooters of North Charleston, LLC; Hooters Northwoods, LLC, a/k/a 2171 Northwoods Blvd., LLC; Hooters of Charleston, Inc.; Hooters of Augusta, Inc.; Hooters of Augusta- II, LLC; Paul Howard and Todd Bundas, | ) |
| | ) |
| Defendants. | ) |

Plaintiff filed the within action on June 24, 2008 against Hooters of America, Inc.; Hooters, Inc.; Hooters of Myrtle Beach, Inc.; Hooters of North Charleston, LLC; Hooters Northwoods, LLC, a/k/a 2171 Northwoods Blvd., LLC; Hooters of Charleston, Inc.; Hooters of Augusta, Inc.; Hooters of Augusta- II, LLC; Paul Howard, and Todd Bundas (collectively "Defendants"), alleging negligence, violation of 42 U.S.C. § 2000(e) *et seq.*, and intentional infliction of emotional distress. On September 11, 2009, an order was entered granting a motion to compel arbitration filed by Defendants to which Plaintiff did not object. On October 8, 2008, this action was stayed for six months, with counsel being directed to notify the court in the event that arbitration was completed earlier.

On April 6, 2009, Defendants filed a status report stating that Plaintiff's counsel had not responded to their last attempt to coordinate the arbitration and that Plaintiff had made no effort to prosecute his claims during the six month stay. This matter is before the court on Defendants'

motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), which was filed that same day. Defendants allege that Plaintiff never responded to a letter from Defendants' counsel seeking suggestions for an arbitrator or filed a demand for arbitration with the American Arbitration Association. On April 10, 2009, Plaintiff filed a response to this motion in which Plaintiff's counsel concedes that "communication between counsel broke down," but argues that Plaintiff himself was in no way personally responsible for the delay making dismissal overly harsh. Defendants replied on April 20, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On June 18, 2009, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge recommended that Defendants' motion to dismiss be denied in order to provide Plaintiff with one more chance to arbitrate this case. The Magistrate Judge recommended that the parties be required to agree on an arbitrator within forty-five days of the date of an order adopting the Report and Recommendation and that the arbitration be required to occur within forty-five days after the selection of an arbitrator. The Magistrate Judge also recommended that if the parties could not agree on an arbitrator within the allotted time, the issue be brought promptly before the court. Finally, the Magistrate Judge recommended that if Plaintiff fails to agree to an arbitrator and/or proceed with the arbitration of his claims within the allotted time period without good cause, the action be dismissed with prejudice. On July 6, 2009, Defendants filed an objection to the Report and Recommendation requesting only that the court reconsider the Magistrate Judge's recommendation that the parties be required to arbitrate Plaintiff's claims within forty-five days after the parties select an arbitrator in light of the parties' written agreement to arbitrate.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Fourth Circuit has set out four factors that should be considered in deciding whether to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b): 1) the degree of plaintiff's personal responsibility; 2) the existence of a protracted history of deliberately proceeding in a dilatory fashion; 3) the amount of resulting prejudice suffered by the defendants; and 4) the existence of less drastic sanctions. *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991). The Magistrate Judge's decision to deny Defendants motion was based upon 1) the lack of evidence that Plaintiff was personally responsible for the failure to select an arbitrator, 2) a lack of prejudice to Defendants, and 3) the availability of less drastic sanctions. No party objects to these conclusions. However, Defendants aver that pursuant to the parties' arbitration agreement, the parties should be given additional time beyond the forty-five days allotted by the Magistrate Judge to arbitrate Plaintiff's claims. Defendants specifically aver that the parties' agreement to arbitrate calls for any arbitration to be conducted pursuant to the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes. Defendants argue that arbitration within forty-five days of the selection of an arbitrator would

3

inhibit the arbitrator's power under these rules to 1) order discovery; 2) set the time, date and place for a hearing; and 3) allow the filing of a dispositive motion. Defendants propose that the court revise the Magistrate Judge's recommendation by striking the forty-five day time limitation for an arbitration hearing. Plaintiff does not oppose this revision.

The court has carefully reviewed the American Arbitration Association's National Rules for the Resolution of Employment Disputes and finds Defendants' request reasonable. This change in the Magistrate Judge's recommendation comports with the agreement between the parties. In addition, the arbitrator selected by the parties must be afforded the powers necessary to fully and fairly dispose of this case if the arbitration is to stand.

### III. CONCLUSION

Defendants' motion to dismiss for failure to prosecute is **denied**. The court adopts the Report and Recommendation with some modifications: The parties are required to agree on an arbitrator within **forty-five (45) days** of the entry of this Order. If the parties are unable to agree on an arbitrator within the allotted time, the issue shall be brought promptly before the court. The court will stay this action for another **six (6) months** from the date of this order pending arbitration. The parties are ordered to file status reports with the court every **forty-five (45) days** from the entry of this Order.

**If Plaintiff fails, without good cause, to agree to an arbitrator and/or proceed with the arbitration of his claims in a timely manner, this action shall be dismissed with prejudice.**

**IT IS SO ORDERED**.

<u>s/ Margaret B. Seymour</u>
United States District Judge

Columbia, South Carolina
November 19, 2009